## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| TONY LEE SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number: 2:11-cv-03271-WMA-JHE |
| | ) |
| CARTER DAVENPORT and THE | ) |
| ATTORNEY GENERAL | ) |
| OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | |

### MEMORANDUM OPINION AND ORDER

Petitioner Tony Lee Smith moves to expand the record and for an evidentiary hearing, requesting (1) the state circuit court trial transcript be added to the record and an evidentiary hearing held regarding the factual basis for the assault charge he claims is barred by his previous plea to resisting arrest; and (2) an evidentiary hearing be held on the question of who was representing him at the time of the events he alleges. (Doc. 27). Respondents were given an opportunity to respond to the motion, (doc. 28), but did not. The motion is therefore ripe for review. Upon a review of the record and the issues, the undersigned finds Petitioner's motion, (doc. 27), is due to be denied.

### Analysis

The introduction of new evidence under Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases depends on the interplay between those rules and 28 U.S.C. § 2254(e). The Eleventh Circuit has held that, although section 2254(e) only explicitly applies to evidentiary hearings, "the conditions of § 2254(e)(2) generally apply to Petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing." *Ward v. Hall*, 592 F.3d 1144, 1162 (11th Cir. 2010) (quoting *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (citing *Holland v. Jackson*, 542 U.S. 649, 124 S.Ct. 2736, 159 L.Ed.2d 683 (2004)).

1

Under the rules, the district court "may, for good cause, authorize a party to conduct discovery," Rule 6, *Rules Governing § 2254 Cases*; "may direct parties to expand the record," Rule 7, *Rules Governing § 2254 Cases*; and "must review [the record] to determine whether an evidentiary hearing is warranted," Rule 8, *Rules Governing § 2254 Cases*. Section 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> **(A)** the claim relies on—
>
> **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2254(e)(2). The first question is whether the petitioner exercised diligence in his efforts to develop the factual basis for his claim in the state court because, if he did, the conditions of section 2254(e)(2) do not apply. *See Ward v. Hall*, 592 F.3d at 1162.

Specifically regarding motions for evidentiary hearings under Rule 8, the Eleventh Circuit has held,

> where a petitioner was granted an evidentiary hearing or other means of presenting evidence to the state court on the particular claim, and the petitioner failed to take full advantage of that hearing, despite being on notice of and having access to the potential evidence and having sufficient time to prepare for the hearing, that petitioner did not exercise diligence in developing the factual foundation of his claim in state court.

*Pope v. Sec'y for Dep't of Corr.,* 680 F.3d 1271, 1289 (11th Cir. 2012). Then, even where due diligence has been properly exercised, a federal court may grant an evidentiary hearing only where "such a hearing could enable an applicant to prove the petition's factual allegations,

which, if true, would entitle the applicant to federal habeas relief." *Id.* at 1291 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)).

### I. Request for Trial Transcript and Additional Similar Testimony

Petitioner's first request is to expand the record to include the trial transcript in his Assault II, Case No. CC-05-922, and to hold an evidentiary hearing on the factual basis of that charge and the Resisting Arrest charge, Case No. CC-05-924, which, he claims, bars the Assault II claim on Double Jeopardy grounds. (Doc. 27 at 4).[1] The first part of the request appears to be a motion to expand the record under Rule 7, and the second part appears to be a motion for an evidentiary hearing on the same issue covered by the evidence in the first part. If a transcript of the requested testimony already exists, an evidentiary hearing on that issue is certainly not warranted. The question then is whether the record should be expanded to include the trial transcript.

As previously noted, the first question is whether the request involves new evidence Petitioner failed to acquire despite exercising due diligence in the state court. The testimony in the transcript at issue was given at trial before the state circuit judge before whom the Rule 32 petition was heard, (doc. 7-44 at 2), a fact referred to in the Court of Criminal Appeals' order affirming that court's denial of the petition, (*id.* at 10-11). Furthermore, portions of the testimony of the officer Petitioner allegedly assaulted appear in the record before this Court, as read into the record in the Rule 32 evidentiary hearing transcript, (doc. 7-36 at 50-51), and as part of the evidence included with Petitioner's Rule 32 petition, (doc. 7-31 at 45-47). The

---

[1] He also claims the respondents have failed to include the indictment for Case CC-05-924 and the guilty plea transcript for the resisting arrest charge, (doc. 27 at 2), but Petitioner never specifically requests they be added to the record. Nevertheless, neither of the stated documents need be added. First, in the Rule 32 proceeding, the parties stipulated to the fact Petitioner pled to a charge of resisting arrest in case CC-05-924 before pleading to assault of the same police officer in CC-05-922. (Doc. 7-36 at 7-8). Second, the parts of the transcript of the plea hearing on case CC-05-924 that Petitioner put into the record before the state court are included in the record, (doc. 7-31 at 41-43), and Petitioner does not attempt to explain why any portions he failed to present to the state court should be added.

testimony requested was before the state court and is, therefore, not new evidence. Consequently, section 2254(e)(2)'s diligence inquiry and subsequent conditions would not apply.

However, Petitioner's own arguments and testimony show that the requested testimony transcript is unnecessary. In his testimony at the Rule 32 evidentiary hearing, Petitioner does not contest the accuracy of the officer's testimony upon which the state courts made their decision on Double Jeopardy, but instead contests their application of the law to those facts. (*See* doc. 7-36 at 52-54). In the motion before this Court requesting the trial transcript, he acknowledges this fact. (Doc. 27 at 4) ("Petitioner emphasizes that this is not a factual dispute, but rather an erroneous conclusion of law to the facts of this case."). If Petitioner does not contest the facts upon which the state court based its decision, additional evidence of those facts will not assist his petition on the question of law it challenges. As a result, the undersigned finds Petitioner's request for the transcript and evidentiary hearing regarding the facts underlying the assault and resisting arrest charges is due to be denied.

## II.     Request for Evidentiary Hearing Regarding Appointed Attorneys

Petitioner's second request is for an evidentiary hearing to clear up the question of who was appointed to be his attorney in case CC-05-2209. (Doc. 27 at 6). He states the trial court claimed to have appointed Shaun Quinlan to represent Petitioner in case CC-05-2209, but Quinlan denied ever representing Petitioner in that case. (*Id.* at 5-6). Petitioner then states the trial court "switch[ed] its stance" to say Fred Lawton, III, was appointed, but Lawton similarly stated he had not represented Petitioner in that case. (*Id.* at 6). Petitioner asserts the conflict between the trial court and attorneys "cannot be reconciled" and "[e]ither the trial court has interjected falsehood into the proceedings, or the two mentioned attorneys have given false testimony." (*Id.*). Citing *Lahay v. Armontrout*, 923 F.2d 578 (8th Cir. 1991), he claims this evidence entitles him to an evidentiary hearing because that case "was remanded for a hearing to determine whether a witness for the state committed perjury at a state post-conviction hearing

4

thus removing [the] presumption of correctness of state court factfindings based on that testimony." (Doc. 27 at 5).

In *Lahay*, the Eighth Circuit addressed potential perjury at a post-conviction hearing by the petitioner's counsel regarding his representation in the underlying criminal case. The court held the petitioner's evidence regarding his trial counsel being charged with perjury, along with the petitioner's own testimony in opposition to his counsel's, was sufficient to rebut the presumption of correctness in favor of the state court and entitled the petitioner to an evidentiary hearing to review the findings. 923 F.2d at 579. The allegedly perjured testimony in that case related to whether the petitioner's counsel conferred with the petitioner and failed to call witnesses. *Id.* at 578. That testimony directly underlay the state court's findings on the petitioner's ineffective assistance of counsel claim and called into question the accuracy of those findings. That is not the case here.

Petitioner alleges the trial court made false statements about who was appointed to represent him or the two attorneys perjured themselves when they testified they had not been appointed to represent Petitioner in case CC-05-2209. (Doc. 27 at 6). However, the answers to the questions Petitioner asserts need answering do not underlay the state court's findings and will not help him prove the allegations of his petition that would entitle him to relief.

First, the petition makes no allegations regarding Attorney Shaun Quinlan or the effectiveness of his representation, (doc. 1); therefore, his testimony could not support any of the allegations in the petition. Petitioner does make some allegations regarding Quinlan in his motion to include additional facts, filed on February 4, 2013, and granted by United States Magistrate Judge Armstrong on February 5, 2013.[2] Petitioner alleges Quinlan was counsel of record on case CC-05-2209 at the time of Petitioner's arraignment but Quinlan gave testimony he had no knowledge of ever being appointed to the case. (Doc. 25 at 2). Petitioner alleges this

---

[2] This case was previously referred to Judge Armstrong before being referred to the undersigned on June 18, 2013.

supports his claim "he was taken to a critical stage of the proceedings, arraignment, without presence of counsel." (*Id.*). However, whether Quinlan was counsel of record going into the arraignment hearing is irrelevant to the petition because the Alabama Court of Criminal Appeals held in Petitioner's Rule 32 proceedings that the trial court performed a proper *Faretta* colloquy at the hearing and therefore, at the time of his arraignment on case CC-05-2209, Petitioner was acting *pro se*. (Doc. 7-44 at 15-17). As a result, it is undisputed Petitioner appeared at the arraignment without counsel, Quinlan or otherwise. (*Id.* at 17). Therefore, while Quinlan's testimony might support Petitioner's allegations added by his motion to include facts, it would not support any allegations entitling him to relief on his claim of unconstitutional denial of counsel.

Second, regarding Attorney Fred Lawton, III, the testimony Petitioner alleges is perjury was directly addressed later in the same Rule 32 evidentiary hearing. While it is true Lawton appears in the trial court record as appointed counsel, (doc. 7-1 at 3), but stated he did not represent Petitioner on that case, (doc. 7-36 at 63), Lawton addressed the inconsistency later in his testimony, recounting a letter he sent to Petitioner after the trial, explaining he had been appointed in the record but no order had ever been sent to him, (doc. 7-36 at 66-67). Unlike in *Lahay*, there is no evidence of perjury here to undermine the state court's findings.

Furthermore, other than simply stating Lawton appeared on the wrong case, Petitioner alleges two specific bases to support his ineffective assistance of counsel claim, and the requested evidence is not necessary to either. The first is Lawton "allowed Petitioner to plead guilty to the substantive offense of Assault II [in case CC-05-922] after already being convicted of the lesser included offense of Resisting Arrest [in case CC-05-924]." (Doc. 1 at 12). There is no dispute that, right or wrong, Lawton was representing Petitioner on those two cases at the time of his plea deal. (Doc. 7-36 at 9-10, 62; doc. 7-44 at 13). The second basis is the alleged "fail[ure] to inform [Petitioner] that jail credit was mandatory." (Doc. 1 at 5). As it is undisputed Lawton was representing Petitioner in the plea negotiations in case CC-05-922, it

6

cannot be disputed Lawton was still representing Petitioner when the state predicated that deal on Petitioner pleading to the assault in CC-05-2209.  (*See* doc. 7-36 at 62) ("[I]f [Petitioner] wanted a deal he would have to plead to the other assault that was pending against another individual."). Therefore, additional testimony on the question of when and to what degree Lawton represented Petitioner is unnecessary.  At the various times relevant to Petitioner's allegations, Lawton was representing Petitioner.  The question is whether he did so effectively under the Constitution and U.S. Supreme Court case law.  As a result, Petitioner's request for an evidentiary hearing on the question of who was representing him at the time of the events he alleges is due to be denied.

Accordingly, Petitioner's motion to expand the record and for an evidentiary hearing, (doc 27), is **DENIED**.

DONE this 20th day of June 2014.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE