UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONY LEE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 2:11-cv-03271-WMA-JHE |
| ) | |
| CARTER DAVENPORT and THE ) | |
| ATTORNEY GENERAL FOR THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. | |

**MEMORANDUM OPINION**

On August 11, 2014, the magistrate judge entered a Report and Recommendation, (doc. 32), recommending that the petition for writ of habeas corpus be dismissed with prejudice. Petitioner has filed objections. (Doc. 33). The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be **DISMISSED**. A separate Order will be entered.

This Court must issue or deny a certificate of appealability when it issues a final order adverse to a Petitioner. *Rules on 2254 Habeas Cases*, Rule 11(a). This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented

were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).

The Court finds Petitioner has made a substantial showing of the denial of his constitutional rights under the Double Jeopardy Clause of the United States Constitution. Based on the habeas standard of deference to state court decisions (by which the Court is to determine if the state court applied the governing legal principle " reasonably" even if "incorrectly," *see Ventura v. Attorney Gen., Fla.*, 419 F.3d 1269, 1286 (11th Cir. 2005)), the Court believes the state court reasonably applied the precedent of the United States Supreme Court, but the Court also finds the issue close enough that reasonable jurists could find that determination debatable. Accordingly, Petitioner is **GRANTED** a certificate of appealability on the issue of whether the state court unreasonably applied the governing legal principle to the facts when it found the facts supporting Petitioner's resisting arrest conviction and those supporting his second-degree assault conviction were "two separate and mutually exclusive events," (doc. 7-39 at 2).

DONE this 29th day of August, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE